UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| KATE RIOTTE, | : |
| *Plaintiff*, | : |
| v. | : Civil Action No.   3:23-cv-309 |
| WADSWORTH ATHENEUM MUSEUM OF ART, | : |
| *Defendant*. | : |

## COMPLAINT

1. The Plaintiff, Kate Riotte ("Plaintiff"), brings this action to obtain relief for violation of her free speech rights under the First Amendment to the United States Constitution to which the Defendant, Wadsworth Atheneum Museum of Art (the "Museum" or "Defendant"), is subject by virtue of Connecticut General Statutes § 31-51q. Plaintiff communicated her personal views and asked questions in response to a matter of public concern raised by Defendant, who was her employer. Defendant retaliated by firing her.

### Jurisdiction and Venue

2. Jurisdiction is vested in this Court pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3) because this case involves a claim of retaliation for the exercise of rights guaranteed by the First Amendment of the United States Constitution, which is made applicable against Defendant by virtue of Connecticut General Statutes § 31-51q. See Bracey v. Board of Education of City of Bridgeport, 368 F.3d 108 (2d Cir.

2004) (an alleged violation of § 31-51q raises a federal question); see generally Tantaros v. Fox News Network, LLC, 12 F.4th 135, 140 (2d Cir. 2021) (federal question jurisdiction extends to cases "brought under state law that implicate a federal issue").

3. Venue is proper in this Court by virtue of 28 U.S.C. § 1391 because a substantial part of the events giving rise to this case took place in the District of Connecticut. Plaintiff was employed by Defendant in Hartford, Connecticut.

**Parties**

4. Plaintiff is a resident of Durham, Connecticut.

5. Plaintiff holds a B.A. in museum studies and fine art. She was formerly employed by the Museum as a curatorial administrator.

6. The Museum is located in Hartford, Connecticut.

7. The Museum is a specially chartered corporation organized and existing under the laws of Connecticut.

**Background**

8. In February 2021 the Museum created a voluntary working group to address racial equity. It named the group the Diversity, Equity, Accessibility and Inclusion ("DEAI") Task Force (the "Task Force"). The Task Force was led by Anne Rice and Joe Bun Keo, both Museum employees.

9. Plaintiff volunteered to join the Task Force and regularly attended its meetings.

10. On March 10, 2021, Rice sent an e-mail to Task Force members discussing recent changes that had been made to the Museum's website including an "Agenda for Change" detailing the Museum's new DEAI efforts and soliciting feedback from Task Force members.

11. By e-mail to Rice and Keo dated Thursday, March 11, 2021, Plaintiff responded to Rice's e-mail. Therein, Plaintiff (a) asked "[w]hy is equity essential for the growth of the Wadsworth? I would think that striving for equity would be detrimental to the organization;" (b) requested additional information about why the Museum was making these efforts; (c) asked for a definition of systemic racism as used in the proposed changes to the website; and (d) inquired "why is advancing racial equity, specifically, something seen as being attainable, and even desired?" Plaintiff did not share her thoughts or the e-mail with anyone else at the Museum.

12. Later that same Thursday, Keo and Rice separately responded to Plaintiff's e-mail. Keo copied Michael Dudich, the Deputy Director of Operations for the Museum and the acting human resources manager, on his e-mail response to Plaintiff. Rice copied Keo on her e-mail response to Plaintiff, which contained resources Plaintiff could consult to learn more about equity and racism.

13. Plaintiff read all of the resources. No one from the Museum followed up to discuss the resources with Plaintiff or even ask if she had read them.

14. On Monday, March 16, 2021, Dudich and Linda Roth, Plaintiff's supervisor at that time, held a Zoom call with Plaintiff to discuss her e-mail.

Dudich and Roth acknowledged that some of Plaintiff's questions arose out of an honest effort to understand a complex issue, but they believed that other questions revealed a political agenda.

15. On Friday, March 19, 2021, Plaintiff was told to leave work and "self reflect." Later on that day, Plaintiff noticed that she could no longer access her work e-mail.

16. On Monday, March 22, 2021, Dudich and Roth had a phone call with Plaintiff during which they fired her.

17. During the March 22, 2021 call, Dudich told Plaintiff that the reason for her termination was her "views on equity and equality."

18. Later that day, Dudich sent Plaintiff an e-mail stating that "[w]hile questioning and seeking understanding are acceptable and encouraged workplace behaviors the opinions you expressed in your email . . . were highly confrontational to the Museums [sic] core espoused institutional values." A termination letter accompanied the e-mail.

19. Because of the termination, Plaintiff was forced to find and accept alternative employment, outside the museum industry, at a lower rate of pay.

20. Plaintiff continues to work outside the museum industry at a lower rate of pay than she earned at the Museum.

## Claim for Relief

21. Plaintiff incorporates each of the foregoing paragraphs of this Complaint.

22. Defendant terminated Plaintiff's employment because of the content of her speech, in violation of the First Amendment of the United States Constitution to which Defendant is subject by virtue of Connecticut General Statutes § 31-51q.

23. Plaintiff has suffered damages as a consequence of all of Defendant's actions and is entitled to an award of damages against Defendant. Plaintiff has suffered lost back pay, future pay, lost benefits including, *inter alia*, paid vacation and sick time and short and long term disability coverage, as a consequence of her termination.

24. Defendant's viewpoint discrimination is an egregious violation of Plaintiff's free speech rights under the First Amendment and Connecticut General Statutes § 31-51q.

## Prayer for Relief

WHEREFORE, Plaintiff seeks judgment:

    A. Declaring that Defendant's termination of Plaintiff's employment violated the First Amendment and Connecticut General Statutes § 31-51q;

B. Requiring Defendant to reinstate Plaintiff to the position of curatorial administrator or a position of similar or greater duties, salary, and benefits;

C. Requiring Defendant to purge Plaintiff's personnel records of any mention of Plaintiff's discharge and any reference to the reasons underlying it;

D. Enjoining Defendant from considering Plaintiff's discharge or any reason underlying it in any future personnel decisions affecting Plaintiff;

E. Awarding damages in an amount to be determined;

F. Awarding punitive damages in an amount to be determined;

G. Awarding attorney's fees and costs in accordance with Connecticut General Statutes § 31-51q, or any other applicable authority; and

H. Awarding any other and further relief that may appertain.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff respectfully demands a trial by jury on any and all issues which are triable as of right by jury.

|  |  |
|---|---|
|  | *Respectfully submitted*, |
|  |  |
|  | **THE PLAINTIFF,** <br> KATE RIOTTE |
| Dated March 8, 2023 <br> New Haven, Connecticut | BY: /s/ Dennis M. Carnelli <br> Dennis M. Carnelli (ct30050) <br> NEUBERT, PEPE & MONTEITH, P.C. <br> 195 Church Street, 13th Fl. <br> New Haven, CT 06510 <br> dcarnelli@npmlaw.com <br> Tel: (203) 821-2000 <br> Fax: (203) 821-2009 |
|  | Ameer Benno <br> (*pro hac vice forthcoming*) <br> BENNO & ASSOCIATES P.C. <br> 30 Wall St., 8th Floor <br> New York, New York 10005 <br> abenno@bennolaw.com <br> Tel: (212) 227-9300 <br> Fax: (212) 994-8082 |
|  | Michael E. Rosman <br> (*pro hac vice forthcoming*) <br> Michelle A. Scott <br> (*pro hac vice forthcoming*) <br> CENTER FOR INDIVIDUAL RIGHTS <br> 1233 20th St. NW, Suite 300 <br> Washington, DC 20036 <br> Tel: (202) 833-8400 <br> Fax: (202) 833-8410 <br> Attorneys for Plaintiff |