# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| KATE RIOTTE,<br>   Plaintiff | : <br> : <br> : | CIVIL ACTION NO: 3:23-CV-00309-AWT |
| v. | : <br> : | |
| WADSWORTH ATHENEUM MUSEUM,<br>OF ART<br>   Defendant | : <br> : <br> : <br> : | JUNE 12, 2023 |

## DEFENDANT'S ANSWER TO AMENDED COMPLAINT

Defendant Wadsworth Atheneum Museum of Art (hereinafter "Defendant"), by and through its attorneys, submits its Answer and Affirmative Defenses in response to Plaintiff's Amended Complaint dated May 1, 2023 as follows:

1. Paragraph 1 calls for legal conclusions to which no response is required. To the extent that a response is required, Defendant admits that Plaintiff purports to bring this action under Connecticut General Statutes § 31-51q. Defendant denies the remaining allegations of this Paragraph.

**Jurisdiction and Venue**

2. Paragraph 2 calls for a legal conclusion to which no response is required. To the extent a response is required, Defendant admits that jurisdiction is proper in this Court, provided that it denies that it violated any laws.

3. Paragraph 3 calls for a legal conclusion to which no response is required. To the extent a response is required, Defendant admits that venue is proper in this Court.

**Parties**

4. Defendant lacks sufficient knowledge upon which to form a belief as to the truth of the allegations of Paragraph 4 and, therefore, leaves Complainant to her proof.

5. Defendant admits that Plaintiff held the position of Curatorial Administrator at the time of her termination. Defendant admits the remaining allegations of Paragraph No. 5 upon information and belief.

6. Defendant admits the allegations of Paragraph No. 6.

7. Defendant admits the allegations of Paragraph No. 7.

**Background**

8. Defendant admits that the Museum created a Diversity, Equity, Accessibility and Inclusion ("DEAI") working group to address, among other things, racial equity at the museum, which was comprised of employees who asked to join and who were compensated for their time. Defendant admits that the DEAI working group began meeting in or around February 2021, with museum employees Anne Rice and Joe Bun Keo as its co-chairs. Defendant denies the remaining allegations of Paragraph 8.

9. Defendant admits that Plaintiff asked to be on the DEAI working group and attended the DEAI Working Group's Meetings. Defendant lacks sufficient knowledge upon which to form a belief as to the truth of the remaining allegations of Paragraph 9 and, therefore, leaves Complainant to her proof.

10. Defendant admits that Ms. Rice circulated an email to the members of the working group on or about March 10, 2021. That email speaks for itself. To the extent any

allegations of Paragraph 10 are inconsistent with the content of the email, they are denied.

11. Defendant admits that Plaintiff responded to Ms. Rice's email on or about March 11, 2021. That email speaks for itself. To the extent any allegations of Paragraph 11 are inconsistent with the content of that email, they are denied. Defendant lacks knowledge sufficient to form a belief as to the truth of the remaining allegations asserted in Paragraph 11, and therefore, leaves Plaintiff to her proof.

12. Defendant admits that Ms. Rice and Mr. Keo separately responded to Plaintiff's email on or about March 11, 2021. Those emails speak for themselves. To the extent any allegations of Paragraph 12 are inconsistent with the content of those emails, they are denied.

13. Defendant lacks knowledge sufficient to form a belief as to whether Plaintiff read the resources shared with her by Ms. Rice, and therefore, leaves Plaintiff to her proof. Defendant denies the remaining allegations of Paragraph 13.

14. Defendant admits that on or about March 16, 2021, Michael Dudich, then Deputy Director of Operations and acting Human Resources Manager, and Linda Roth, Director of Special Curatorial Projects, conducted a zoom call with Plaintiff to discuss her March 11, 2021 email. Defendant denies the remaining allegations of Paragraph No. 14.

15. Defendant admits that Plaintiff was told to leave work on March 19, 2021. Defendant lacks knowledge sufficient to form a belief as to the truth of the remaining allegations asserted in Paragraph 15, and therefore, leaves Plaintiff to her proof.

16. Defendant admits that Mr. Dudich and Ms. Roth informed Plaintiff of the termination of her employment via telephone on or about March 22, 2021.

17. Defendant denies the allegations of Paragraph No. 17.

18. Defendant admits, upon information and belief, that it sent Plaintiff an email on or about March 22, 2021. That email speaks for itself. To the extent that any allegations of Paragraph 18 are inconsistent with the content of that email, they are denied. Defendant admits that it sent Plaintiff a letter regarding the termination of her employment on or about March 22, 2021. Defendant lacks knowledge sufficient to form a belief as to the truth of the remaining allegations asserted in Paragraph No. 18, and therefore, leaves Plaintiff to her proof.

19. Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations asserted in Paragraph No. 19, and therefore, leaves Plaintiff to her proof.

20. Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations asserted in Paragraph No. 20, and therefore, leaves Plaintiff to her proof.

**Claim for Relief**

21. Defendant hereby incorporates its answers to Paragraphs 1 through 20 above as if they were fully stated herein.

22. Defendant denies the allegations of Paragraph No. 22.

23. Defendant denies the allegations of Paragraph No. 23.

24. Defendant denies the allegations of Paragraph No. 24.

**PRAYER FOR RELIEF**

Defendant denies that Plaintiff is entitled to judgment or the relief requested in Plaintiff's prayer for relief. Defendant denies the statements and allegations contained therein. Any allegation not specifically addressed herein is denied.

## AFFIRMATIVE AND OTHER DEFENSES[1]

**FIRST AFFIRMATIVE DEFENSE**

Plaintiff's Complaint fails to state a claim upon which relief may be granted as a matter of fact and/or law.

**SECOND AFFIRMATIVE DEFENSE**

Plaintiff is not entitled to punitive damages because, without in any way admitting any wrongdoing, Defendant did not act with a reckless indifference to the rights of others or intentionally and wantonly violate those rights.

**THIRD AFFIRMATIVE DEFENSE**

Even if Plaintiff suffered damages legally attributable to any action by Defendant, which she did not, upon information and belief, Plaintiff's claims for damages are barred or reduced by her failure to mitigate her alleged damages, including by using reasonable diligence to seek and obtain comparable employment elsewhere.

**FOURTH AFFIRMATIVE DEFENSE**

Even if Plaintiff can establish a violation of Conn. Gen. Stat. § 31-51q, which she cannot, her damages are limited by the after acquired evidence doctrine due to Plaintiff's surreptitious

---

[1] By pleading these Affirmative Defenses, Defendant does not assume any burden that it would not otherwise have.

5

recording of private telephonic communications without consent in violation of Conn. Gen. Stat. § 52-570d and Defendant's policies.

**FIFTH AFFIRMATIVE DEFENSE**

Even if Plaintiff can establish a violation of Conn. Gen. Stat. § 31-51q, which she cannot, she cannot recover equitable relief under § 31-51q because the remedies afforded under § 31-51q are legal, not equitable.

Defendant reserves the right to amend its Answer, to add additional or other Defenses, delete or withdraw Defenses, and to add others as they may become necessary after reasonable opportunity for discovery.

**WHEREFORE**, Defendant respectfully requests that this Court:

(a) Dismiss with prejudice Plaintiff's Complaint;

(b) Deny each and every demand, claim and prayer for relief contained in Plaintiff's Complaint;

(c) Award Defendant reimbursement for its costs and attorneys' fees; and

(d) Grant such other and further relief as the Court deems just and proper.

**DEFENDANT,**
**WADSWORTH ATHENEUM MUSEUM OF ART**

By: */s/ Donald J. Anderson*
Beverly W. Garofalo (ct11439)
Beverly.Garofalo@jacksonlewis.com
Donald J. Anderson, III (ct31400)
Donald.Anderson@jacksonlewis.com
Jackson Lewis P.C.
90 State House Square, 8th Floor
Hartford, CT 06103
P: (860) 522-0404
F: (860) 247-1330

## **CERTIFICATION OF SERVICE**

I hereby certify that on June 12, 2023, a copy of foregoing was filed electronically [and served by mail on anyone unable to accept electronic filing]. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system [or by mail to anyone unable to accept electronic filing]. Parties may access this filing through the Court's system.

*/s/ Donald J. Anderson*
Donald J. Anderson

4885-3283-0046